## Combs' Administrator v. Morgan, et al.

(Decided March 9, 1926.)

### Appeal from Clay Circuit Court.

Descent and Distribution—Vendor's Deed to Son, Providing that on Settlement of Vendor's Estate Son was to Account for $2,000.00, Held Not to Create Lien on Land for Such Sum, but an Advancement.—Where vendor in deed to son recited as consideration that, on settlement of estate, son was to account for $2,000.00, held, that deed did not retain a lien on land for the $2,000.00, but meant land was intended as an advancement of the value of $2,000.00 to be accounted for on that basis in the settlement of the estate.

HENRY C. HAZELWOOD and REAMS & JOHNSON for appellant.

RAWLINGS & WRIGHT for appellees.

OPINION OF THE COURT BY JUDGE CLAY—Affirming.

On August 20, 1889, A. M. Combs and his wife, Esther Combs, conveyed to their son George a tract of land lying on Goose creek in Clay county. The consideration expressed in the deed is as follows:

"For and in consideration of the sum of $1.00 and their love and affection, and in consideration that in the settlement of my estate my said son George is to account for $2,000.00."

The grantor, A. M. Combs, died on February 8, 1908. On July 15, 1922, A. M. Combs, Jr., was appointed and qualified as his administrator. During the same month he brought this action against Alice Morgan and Alex Morgan, her husband, alleging that the $2,000.00

mentioned in the deed was secured by a lien on the land, and asking a sale of so much of the land as was necessary to pay that sum, together with interest and costs. Briefly stated the facts pleaded are as follows: The estate of A. M. Combs had not been settled. The $2,000.00 was due the estate of A. M. Combs and no part thereof had been paid. George Combs had been dead for a number of years and left no estate whatever except the tract of land described in the deed. His widow, Alice Morgan, survived him and afterwards intermarried with Alex Morgan. Together they purchased from George Combs' heirs at law all their interest in the land, subject to the payment of $2,000.00. By reason of the deed plaintiff had a lien on the land to secure the payment of that sum, with interest. The trial court sustained a demurrer to and dismissed the petition. Plaintiff has appealed.

It is argued on behalf of appellant that the words, "account for" were used in the sense of "pay," and that the grantors intended that the land conveyed should be subject to a charge of $2,000.00, which was to be paid to the estate of A. M. Combs. This is not a suit to settle the estate of A. M. Combs. Its sole object is to enforce a lien in favor of his administrator for the sum of $2,000.00. For aught that appears in the petition the advancement made by the grantors to their other children may have exceeded that made to their son George. The deed does not retain a lien for the $2,000.00 or make it a charge on the land. It simply provides that the grantee is to account for that sum in the settlement of the estate of A. M. Combs. The only natural and reasonable construction of this language is that the land was intended as an advancement of the value of $2,000.00 to be accounted for on that basis in the settlement of the estate.

Judgment affirmed.